LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
David A. Blansky
Gary F. Herbst

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 7
                                                          Case No. 1-06-45043-ESS
LESLINE V. HARRIS a/k/a
LESLINE V. GARRICK HARRIS,

             Debtor.
---------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S OPPOSITION TO
## CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

Debra Kramer, the former Chapter 7 Trustee (the "Trustee") of the estate of Lesline v. Harris a/k/a Lesline V. Garrick Harris (the "Debtor"), by her counsel LaMonica Herbst & Maniscalco, LLP, respectfully submits this Opposition to confirmation of the Debtor's proposed Chapter 13 Plan, dated June 9, 2011 (the "Plan") and respectfully sets forth and states as follows:

1.  On March 17, 2011, the Court entered an order converting this case to one under Chapter 13 (the "Conversion Order"). [Docket No. 42] The Conversion order required, among other things, that: (a) the Debtor file a Chapter 13 plan by April 1, 2011; (b) the Debtor file the statements and schedules required by Bankruptcy Rule 1007(b) by April 1, 2011; (c) the Debtor make her first plan payment by April 25, 2011; and (d) that the Trustee and any other party seeking compensation may file an application for compensation of fees and reimbursement of expenses by April 29, 2011. See the Conversion Order.

2.  As set forth in the motion to dismiss filed by Marianne DeRosa, the Chapter 13 Trustee of this case, dated May 26, 2011 (the "Dismissal Motion"), as of the date of filing of the

1

Dismissal Motion, the Debtor had failed to comply with her duties in at least six (6) material respects, including, but not limited to filing a Chapter 13 plan.

3. Notwithstanding that the Conversion Order required the Debtor to file her Chapter 13 plan by April 1, 2011, the Debtor filed the Plan today, more than 60 days late. In the Plan, the Debtor proposes to make a 100% distribution to her unsecured creditors by paying $574.00 per month for a period of 60 months for a total sum of $34,419.96.

4. The Plan fails to take into account three important considerations. First, the duration of the Plan may not be measured from the plan date, which would effectively extend the Debtor's bankruptcy case to a case having a 9 and ½ year duration. The maximum duration of a Chapter 13 plan is determined based upon when plan payments begin. Based on the Bankruptcy Code sections relating to time for commencement of payment and effect of conversion, plan duration in a case converted from Chapter 7 to Chapter 13 must be measured from the original petition date.

5. Section 1322 of the Bankruptcy Code provides that a Chapter 13 plan shall not exceed five (5) years if the debtor's current monthly income exceeds the median family income in the debtor's state, or three years if the debtor's current monthly income is less than that. 11 U.S.C. § 1322(d). Section 1326(a)(1) further provides that, "the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier[.]" 11 U.S.C. § 1326(a)(1). Accordingly, payments under a plan must not continue for longer than five years (or three in the case of a lower income debtor) from "30 days after the date of the filing of the plan or the order for relief, *whichever is earlier*[.]" *Id.* (emphasis added).

6. In order to determine which of those dates is earlier, the filing of the plan or the order for relief, the Court must look to Section 348 of the Bankruptcy Code, which concerns the effect of conversion. Section 348(a) provides that where a case is converted from one chapter to another, it "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). Although subsection (b) lists sections excepted from this rule and permits the date of conversion to apply rather than the order for relief, Sections 1322 and 1326 are not listed. 11 U.S.C. § 348(b). Thus, in a case converted from Chapter 7 to Chapter 13, in calculating the duration of a plan, the relevant starting point is the order for relief. In a voluntary filing, no separate order for relief is issued and the order for relief is deemed to be issued as of the date of the bankruptcy filing.

7. Accordingly, as the Debtor filed her original petition on December 26, 2006, the duration of the Plan must not extend beyond **December 25, 2011**. It is evident from the Debtor's prior submissions to the Court in support of the conversion of the case that her disposable income is insufficient to pay the proposed distribution over less than seven (7) months.

8. Second, the Debtor has wholly ignored the substantial administrative expenses incurred prior to the conversion of her case. Notwithstanding that the Debtor has been on notice for an extended period of time that the plan she proposed in connection with her motion seeking conversion was defective, in part, in that it failed to take into consideration the administrative expenses of her Chapter 7 case, the Plan wholly ignores the existence of those administrative expenses. Moreover, in accordance with the Conversion Order, the Trustee's counsel, LaMonica Herbst & Maniscalco, LLP, filed its application for attorney's fees and expenses on April 29, 2011. No objection to said fees and expenses has been interposed by the Debtor.

9. Finally, confirming the Plan would result in an injustice. While the Bankruptcy Code exists to shield qualifying debtors and provide them with a fresh start, the Court's confirmation of the Plan would enable the Debtor to abusively wielded conversion mechanism and bankruptcy process as a sword to the detriment of creditors.

10. Confirming the Plan would reward the Debtor's concealment of an asset, namely her in certain real property, and encourage future debtors to conceal assets and only seek conversion after a diligent case trustee discovered the previously undisclosed asset. Moreover, the value of the Debtor's interest in the real property, which property was unencumbered by any mortgage, lien or encumbrance during the Chapter 7 case, was anticipated to be sufficient to pay the unsecured creditors who timely filed Chapter 7 claims and the administrative expenses of the estate in full in a finite time period. The Debtor's interests in this case should not outweigh the interests of her creditors in seeing the assets of this estate administered and distributed in a timely fashion.

11. For the foregoing reasons, confirmation of the Plan should be denied and the case reconverted to a case under Chapter 7.

**WHEREFORE**, the former Trustee respectfully requests that this Court deny confirmation of the Plan and order the reconversion of this case.

Dated: Wantagh, New York
June 10, 2011

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for Debra Kramer, as former Chapter 7
Trustee of the estate of Lesline Harris

By: *s/ David A. Blansky*
David A. Blansky
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500

4